

# SUPREME COURT OF MISSOURI
## en banc

WILLIAM DAVID HILL,      )
         )
     Appellant,      )
         )
     v.      )      No. SC95088
         )
OLIVER "GLENN" BOYER, SHERIFF OF      )
JEFFERSON COUNTY, MISSOURI,      )
         )
     Respondent.      )

**APPEAL FROM THE CIRCUIT COURT OF JEFFERSON COUNTY**
Honorable Timothy S. Miller, Judge

*Opinion issued February 9, 2016*

William David Hill appeals a judgment[1] affirming the denial of his application for a concealed carry permit pursuant to section 571.101, RSMo Supp. 2012. The judgment is affirmed.

## I. Facts

The facts are undisputed. In 1973, Mr. Hill pleaded guilty to and was convicted of felony forgery. Mr. Hill was sentenced to a two-year term of imprisonment. The court

---

[1] This Court has jurisdiction pursuant to article V, section 3 of the Missouri Constitution because Mr. Hill is challenging the validity of section 571.101.

suspended execution of the sentence of imprisonment and placed Mr. Hill on probation for two years.

Mr. Hill successfully completed his probation in 1975 and was discharged from probation pursuant to section 549.111.2, RSMo 1969. Section 549.111.2 provided that individuals discharged from probation were "restored all the rights and privileges of citizenship." The statute was repealed in 1977.

In 2013, Mr. Hill submitted an application for a concealed carry permit. Concealed carry permits are issued by "the sheriff or his or her designee of the county or city in which the applicant resides" provided that the applicant meets certain qualifications. Section 571.101.2(3) provides that county sheriffs may only issue concealed carry permits to individuals who have "not pled guilty to or entered a plea of nolo contendre or been convicted of a crime punishable by imprisonment for a term exceeding one year …." The sheriff of Jefferson County denied Mr. Hill's application due to his 1973 felony forgery conviction.

The circuit court affirmed the sheriff's denial of the concealed carry permit. The court reasoned that, although section 549.111.2 restored to Mr. Hill "all the rights and privileges of citizenship," the statutory restoration of rights did not negate the fact that Mr. Hill had pleaded guilty to felony forgery. Section 571.101.2(3) expressly limits the availability of a concealed carry permit to individuals who have "not pled guilty to … a crime punishable by imprisonment for a term exceeding one year …." The circuit court, therefore, concluded Mr. Hill's prior guilty plea rendered him ineligible for a concealed carry permit. Mr. Hill appeals.

## II. Standard of Review

"On review of a court-tried case, an appellate court will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Ivie v. Smith*, 439 S.W.3d 189, 198-199 (Mo. banc 2014). Challenges to the constitutional validity of a state statute are subject to de novo review. *State v. Honeycutt*, 421 S.W.3d 410, 414 (Mo. banc 2013). "Statutes are presumed constitutional and will be found unconstitutional only if they clearly contravene a constitutional provision." *Id.* "The person challenging the validity of the statute has the burden of proving the act clearly and undoubtedly violates the constitutional limitations." *Id.*

## III. Article I, section 23 of the Missouri Constitution

Mr. Hill's first and second points on appeal assert that the constitutional validity of section 571.101 must be analyzed according to article I, section 23 of the Missouri Constitution as amended after the trial court entered its judgment. Mr. Hill argues that the amended version of article I, section 23 requires strict scrutiny of the constitutional validity of denying convicted felons a concealed carry permit pursuant to section 571.101. He asserts that this Court should either remand the case to the circuit court so the court can apply the amended version of article I, section 23 or reverse the judgment and order the circuit court to instruct the sheriff to issue a concealed carry permit to Mr. Hill.

The trial court's judgment was entered in April 2014. Article I, section 23 was amended in August 2014. This Court has previously determined that the August 2014

3

amendment to article I, section 23 applies prospectively only.  *State v. Merritt*, 467 S.W.3d 808, 812 (Mo. banc 2015).  Therefore, the August 2014 amendment to article I, section 23 does not apply to this case.   Mr. Hill's first and second points are denied.

## IV.  Section 549.111

Mr. Hill next asserts that he is entitled to a concealed carry permit because when he was discharged from probation in 1975, section 549.111 provided that individuals discharged from probation were "restored all the rights and privileges of citizenship."  Mr. Hill asserts that this statutory restoration of rights is legally equivalent to a governor's pardon and had the effect of negating the fact of his prior conviction.  Mr. Hill concludes that, because the fact of his prior conviction is negated, the trial court erred by denying a concealed carry permit due to his 1973 forgery conviction.

Mr. Hill cites *Guastello v. Dep't of Liquor Control*, 536 S.W.2d 21 (Mo. banc 1976), for the proposition that his conviction was "obliterated" as a result of his discharge from probation and restoration of rights under section 549.111.   In *Guastello*, this Court held that a gubernatorial pardon negated a conviction and entitled an applicant to a liquor license even though section 311.060(1), RSMo 1969, provided that a liquor license could not be granted to a person "who has been convicted  . . .  of a violation of the provisions of any law applicable to the manufacture or sale of intoxicating liquor."  *Id*. at 22.

Mr. Hill's case is materially distinguishable from *Guastello*.   The statute at issue in *Guastello* disqualified applicants based solely on the existence of a prior conviction.

4

In contrast, section 571.101.2(3) bars a sheriff from issuing a concealed carry permit to individuals who "pled guilty to" or were convicted of an offense with an authorized punishment of more than one year of imprisonment. The *Guastello* Court recognized the distinction between disqualifying an applicant based on the existence of a prior conviction as opposed to the fact of a prior guilty plea:

> [I]f disqualification is based solely on the fact of conviction the eligibility of the offender is restored. On the other hand, if good character (requiring an absence of guilt) is a necessary qualification, the offender is not automatically once again qualified—merely as a result of the pardon.

*Id*. at 23. Even if this Court assumes for the sake of argument that Mr. Hill's statutory restoration of rights "obliterated" the fact of his prior conviction, the fact that he pleaded guilty is not negated because "*Guastello* held only that the fact of conviction was obliterated and not the fact of guilt." *State v. Bachman*, 675 S.W.2d 41, 51 (Mo. App. 1984). Therefore, "an offender's conviction (pertaining to guilt as opposed to the mere conviction) [can] be considered and used in future determinations involving an offender." *Id.*

Mr. Hill admits that he pleaded guilty to an offense that bars the sheriff from issuing a concealed weapon permit to Mr. Hill.

## V. Article I, section 13

Mr. Hill argues that section 571.101 is unconstitutionally retrospective to the extent that the statute prohibits the sheriff from issuing a concealed carry permit based on the 1973 forgery conviction. Mr. Hill argues that the denial impairs his vested right in the restoration of the rights and privileges of

5

citizenship pursuant to section 549.111. Alternatively, Mr. Hill asserts that section 571.101.2(2) is unconstitutional because it imposes a new legal disability by disqualifying him from obtaining a permit to carry a concealed weapon. Neither claim has merit.

Article I, section 13 of the Missouri Constitution provides "[t]hat no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted." The ex post facto clause applies to criminal cases, while the retrospective laws clause applies to civil cases. *Honeycutt*, 421 S.W.3d at 423. A retrospective law "is one which creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past." *Squaw Creek Drainage Dist. v. Turney*, 138 S.W. 12, 16 (Mo. 1911). This Court has also recognized that a civil law is unconstitutionally retrospective if it takes away or interferes with a "vested right." *Jerry-Russell Bliss, Inc. v. Hazardous Waste Mgmt. Comm'n*, 702 S.W.2d 77, 81-82 (Mo. banc 1985).

Mr. Hill concedes that when he was discharged from probation in 1975 it was a violation of Missouri law to carry a concealed weapon. *See* 564.610, RSMo 1969. Missouri law did not provide for the carrying of concealed weapons until section 571.101 was enacted in 2003. Section 571.101 creates a limited statutory right to carry concealed weapons that expressly prohibits sheriffs from issuing a concealed carry permit to individuals who have been convicted of or pleaded guilty to offenses with an authorized punishment in excess of one year. When Mr. Hill was discharged from probation in

1975, the restoration of his rights did not include the right to carry a concealed weapon. The subsequent enactment of the limited statutory right to carry a concealed weapon pursuant to section 571.101 did not vest Mr. Hill with the right to carry a concealed weapon. Section 571.101.2(3) does not impair any of Mr. Hill's vested rights.

Mr. Hill also asserts that section 571.101.2(3) imposes a new disability by utilizing the fact of his past guilty plea and conviction to disqualify him from obtaining a concealed carry permit. Section 571.101.2(3) does not impose a new legal disability on Mr. Hill. Section 571.101.2 provides that "a concealed carry endorsement issued pursuant to subsection 7 of this section shall be issued by the sheriff or his or her designee" subject to several limitations. As noted, section 571.101.2(3) provides that one limitation is that the applicant must not have pleaded guilty to or been convicted of an offense with an authorized punishment of one or more years imprisonment. Section 571.101.7 provides that if an "application is approved, the sheriff shall issue a certificate of qualification for a concealed carry permit endorsement to the applicant within a period not to exceed three working days after his or her approval of the application." Section 571.101 imposes legal obligations on county sheriffs to issue concealed weapon permits to qualified applicants but imposes no legal obligation or disability on applicants.

As this Court explained in *State v. Young*, 362 S.W.3d 386, 391-92 (Mo. banc 2012), a statute does not create a legal "disability" in violation of article I, section 13 when "ordinary regulatory actions . . . take into account past conduct or past conditions in providing current or prospective regulation." *Id.* at 391. For instance, if a new statute provided that a felon could not serve as presiding commissioner of a county, there would

7

be no unconstitutionally retrospective legal disability on a convict who aspired to serve in that role "because he has no affirmative obligation to take any action whatsoever to comply with [that statute]." *Id.* Likewise, section 571.101 imposes a regulatory burden on county sheriffs rather than permit applicants and does not compel Mr. Hill or any other applicant to undertake any particular action. Therefore, section 571.101 does not impose a new legal disability on Mr. Hill and does not violate article I, section 13.

Mr. Hill had no vested right to a concealed weapon permit. The denial of his application based on his prior guilty plea did not create an unconstitutionally retrospective law.

The judgment is affirmed.

                                              _____

                                              Richard B. Teitelman, Judge

All concur.