

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| WAYNE STALLSWORTH, | ) | |
| | ) | |
| Appellant, | ) | WD78536 |
| | ) | |
| v. | ) | OPINION FILED: May 31, 2016 |
| | ) | |
| SHERIFF OF JACKSON COUNTY, | ) | |
| MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable James F. Kanatzar, Judge

Before Division One: Lisa White Hardwick, Presiding Judge, Cynthia L. Martin, Judge
and Gary D. Witt, Judge

Wayne Stallsworth ("Stallsworth") appeals from the trial court's judgment

affirming the Sheriff of Jackson County's ("Sheriff") denial of Stallsworth's application

for a concealed carry permit pursuant to section 571.101.[1]  Stallsworth argues that the

trial court erred in affirming the denial because the full pardon of Stallsworth's 1960

---

[1]At the time of the denial of Stallsworth's application, the version of section 571.101 in effect was as the statute was modified by Senate Bill 75, 97th General Assembly, 1st Regular Session (2013).  All references to section 571.101 are to that version of the statute.  The statute has been amended twice since the denial of Stallsworth's application, but neither amendment modified the statutory language at issue in this appeal.
All other statutory references are to RSMo 2000 as supplemented unless otherwise noted.

burglary conviction rendered him eligible for a concealed carry permit. We affirm the trial court's judgment.

## Factual and Procedural Background

On June 8, 1960, Stallsworth pleaded guilty to burglary, a felony offense. The trial court initially suspended Stallsworth's sentence and placed him on probation, but Stallsworth violated the terms of probation. The trial court revoked his probation and Stallsworth received two years confinement in the Missouri Department of Corrections. On November 24, 2004, Governor Bob Holden granted Stallsworth a full pardon from the 1960 burglary conviction.

Stallsworth applied for and received a concealed carry permit from the Sheriff of Buchanan County in 2005. Stallsworth successfully renewed his concealed carry permit in Buchanan County in 2008 and 2011. By 2014, though, Stallsworth had moved to Jackson County. Stallsworth attempted to renew his concealed carry permit to reflect his new residence in Jackson County on June 25, 2014. On August 21, 2014, the Sheriff denied Stallsworth's request due to his criminal history. The letter denying the request indicated that the denial was due to Stallsworth's 1960 conviction for burglary.

Pursuant to section 571.114.1, Stallsworth appealed the Sheriff's denial of his request to renew his concealed carry permit to the small claims court in Jackson County. The small claims court overruled the Sheriff's denial and ordered the Sheriff to issue a concealed carry permit to Stallsworth. The Sheriff applied for a trial *de novo*. Following a trial, the trial court denied Stallsworth's appeal of the denial of his request to renew his concealed carry permit.

Stallsworth appeals.

## Standard of Review

"On review of a court-tried case, an appellate court will affirm the [trial] court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Hill v. Boyer*, 480 S.W.3d 311, 313 (Mo. banc 2016). "We defer to the trial court on factual issues and view the evidence and all reasonable inferences drawn there from in the light most favorable to the trial court's judgment, disregarding all contrary evidence." *Stevenson v. Aquila Foreign Qualifications Corp.*, 326 S.W.3d 920, 924 (Mo. App. W.D. 2010). Nonetheless, we independently review whether the trial court properly declared the law or applied the law to the facts presented. *Id.*

## Analysis

Stallsworth presents a single point on appeal. Stallsworth argues that the trial court erred in denying his appeal of the Sheriff's denial of his application to renew his concealed carry permit. Stallsworth asserts that the pardon he received obliterated the fact of his 1960 conviction so that all "disqualifications resulting from [the] conviction are wiped away." [Appellant's Brief, p. 12] Thus, according to Stallsworth, the pardon restored his right to carry a concealed weapon pursuant to section 571.101.[2]

At the time Stallsworth applied to renew his concealed carry permit, section 571.101.2 provided that "[a] concealed carry permit . . . shall be issued by the sheriff or

---

[2]Stallsworth's appeal does not concern whether Article I, section 23 of the Missouri Constitution, as amended in 2014, restores the rights of convicted persons.

his or her designee of the county or city in which the applicant resides" if the applicant meets the standards set forth in the statute. The statute required that the applicant be at least twenty-one years of age,[3] be a citizen or permanent resident of the United States, be a resident of Missouri, submit an application for a permit, and submit an application attesting compliance with the safety training requirements set forth in the statute. Section 571.101.2 also set forth disqualifying characteristics that, if the applicant possessed, rendered the applicant ineligible for a concealed carry permit. Section 571.101.2(3) set forth the disqualifying factor at issue in this case: an applicant is ineligible for a concealed carry permit if he "has . . . pled guilty to or entered a plea of nolo contendere or been convicted of a crime punishable by imprisonment for a term exceeding one year under the laws of any state or of the United States . . . ." In other words, an applicant who has *either* pleaded guilty to *or* who has been convicted of a felony may not receive a concealed carry permit. *Hill*, 480 S.W.3d at 314 (holding that section 571.101.2(3) identifies two distinct bases for disqualification)

The issue presented by this appeal is whether section 571.101.2(3) operates to render an applicant ineligible for a concealed carry permit when an applicant has been granted a gubernatorial pardon for a felony to which the applicant pleaded guilty. *Hill v. Boyer* resolves this question.

There, Hill pleaded guilty to and was convicted of felony forgery in 1973. 480 S.W.3d at 313. Hill was sentenced to a two-year term of imprisonment, but the trial court

---

[3]The statute was amended in 2014 to allow those persons nineteen and older to obtain a concealed carry permit. *See* S.B. 656, 97th Gen. Assemb., 2d Reg. Sess. (Mo. 2014).

suspended execution of the sentence and placed him on probation for two years. *Id.* Hill successfully completed his probation and was discharged from probation pursuant to section 549.111.2, RSMo 1969. *Id.* That statute provided that "individuals discharged from probation were 'restored all the rights and privileges of citizenship.'" *Id.* (quoting section 549.111.2, RSMo 1969). In 2013, Hill applied for a concealed carry permit, but the sheriff denied the application due to Hill's 1973 felony conviction. *Id.*

The Supreme Court examined whether a statutory restoration of rights pursuant to section 549.111.2, RSMo 1969, negates a prior guilty plea and conviction, thus erasing the disqualifiers identified in section 571.101.2(3) for receiving a concealed carry permit. *Id.* at 314. Hill asserted that the statutory restoration of rights was legally equivalent to a gubernatorial pardon and cited *Guastello v. Department of Liquor Control*, 536 S.W.2d 21 (Mo. banc 1976), in support of his argument. *Id.*

*Guastello* addressed the effect of a gubernatorial pardon on a statute that forbade a person convicted of an offense related to the manufacture or sale of liquor from receiving a liquor license. 536 S.W.2d at 22. The Court recognized that there are "three views as to the *effect* a pardon has on the fact of conviction and the convicted person's guilt ([the] moral character of the recipient [of the pardon])," and ultimately adopted the view that, when a person is pardoned, "the fact of conviction is obliterated but the guilt remains." *Id.* at 23. The Court explained:

> Under this view, if disqualification is based **solely** on the fact of conviction the eligibility of the offender is restored. On the other hand, if good character (requiring an absence of guilt) is a necessary qualification, the offender is not automatically once again qualified -- merely as a result of the pardon.

5

*Id.* (emphasis added). Because the statute at issue disqualified liquor license applicants solely based on a prior conviction, the denial of the applicant's liquor license was improper because the gubernatorial pardon obliterated the applicant's prior conviction, and thus the sole statutory disqualifier. *Id.* at 24-25.

The *Hill* Court assumed that, like a gubernatorial pardon, section 549.111.2, RSMo 1969, operated to obliterate the fact of Hill's prior conviction. 480 S.W.3d at 314-15. However, the *Hill* Court held that unlike the liquor license statute at issue in *Guastello*, which identified conviction as the sole disqualifier for a liquor license, section 571.101.2(3) identifies two distinct disqualifiers for a concealed carry permit because it "bars a sheriff from issuing a concealed carry permit to individuals who 'plead guilty to' *or* were convicted of an offense with an authorized punishment of more than one year of imprisonment." 480 S.W.3d at 314 (emphasis added). Thus, according to the Supreme Court, *Guastello* demanded the conclusion that because Hill's guilt would not have been obliterated by a gubernatorial pardon, Hill's guilt was not obliterated by operation of section 549.111.2. *Id.* at 315. The *Hill* court then concluded that because "guilt" (reflected by a guilty plea) is identified in section 571.101.2(3) as a statutory disqualifier distinct from conviction, Hill's guilty plea barred him from receiving a concealed carry permit. *Id.*

We are bound by the same analysis here.[4] Stallsworth pleaded guilty to burglary, a felony offense, in 1960. While Stallsworth received a gubernatorial pardon in 2004, the

---

[4]We recognize that the effect of *Hill* is to treat a pardoned felon convicted after trial differently from a pardoned felon convicted after a guilty plea, even though both a guilty plea and a trial require a determination of guilt, as even with a guilty plea, Rule 24.02(e) provides that a trial court shall not accept a guilty plea unless it

effect of the pardon was to obliterate the fact of his conviction. Stallsworth's guilt--evidenced by his guilty plea--remained. As a result, because the guilty plea is a separate disqualifier that is not obliterated by the pardon, section 571.101.2(3) bars Stallsworth from receiving a concealed carry permit. The trial court did not err in denying Stallsworth's appeal of the Sheriff's denial of his request to renew his concealed carry permit.

### Conclusion

We affirm the trial court's judgment.


_Cynthia L. Martin_
Cynthia L. Martin, Judge


All concur

---

determines that there is factual basis for the plea. We are thus sympathetic to Stallsworth's argument that section 571.101.2(3) should not be read to reflect a legislative intent to create two distinct disqualifiers and should instead be read to create a single disqualifier of conviction following trial or plea, as reading the statute to create two disqualifiers means that a felon who takes responsibility for a crime is viewed as morally more culpable than a felon who refuses to admit guilt. However, we are "constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court." *Doe v. Roman Catholic Archdiocese of St. Louis*, 311 S.W.3d 818, 822 (Mo. App. E.D. 2010) (citing Mo. Const. art. V, section 2).