

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

R.F.,                                          )
                                               )
        Respondent,               )
                                               )
v.                                             )          WD83043
                                               )
MARK S. OWEN, PLATTE                           )          Opinion filed:  March 10, 2020
COUNTY SHERIFF,                                )
                                               )
        Appellant.                )

**APPEAL FROM THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**
**THE HONORABLE ABE SHAFER, V, JUDGE**

Division Four:  Karen King Mitchell, Chief Judge,
Cynthia L. Martin, Judge, and Edward R. Ardini, Jr., Judge

The Platte County Sheriff ("Sheriff") appeals the judgment of the Circuit Court of Platte

County ordering Sheriff to reconsider R.F.'s[1] application for a permit to carry a concealed weapon.

We affirm.

## Factual and Procedural Background

The facts in this case are uncontested. In 1991, R.F. pleaded guilty in the Circuit Court of

Clay County to the class D felony of attempted stealing for which he received a suspended

---

[1] We refer to the respondent by his initials to protect his identity because this case concerns the expungement of an offense. *See T.V.N. v. Mo. State Highway Patrol Criminal Justice Info. Servs.*, No. WD82341, 2019 WL 5874670, at *1 n.1 (Mo. App. W.D. Nov. 12, 2019), *app. for trans. denied Feb. 18, 2020*.

imposition of sentence and was placed on probation for a period of five years. He was discharged early from probation on March 13, 1996.

In 2018, R.F. filed a Petition for Expungement Pursuant to section 610.140, RSMo seeking to expunge "any and all records related to the arrest, plea, and conviction[2] to the class D felony of attempt to commit the offense of stealing by deceit, entered on July 19, 1991. . . . " On August 8, 2018, the expungement was granted.

On October 9, 2018, R.F. submitted an application for a concealed carry permit to Sheriff. On October 19, 2018, Sheriff denied R.F.'s application, determining that "[o]ur background investigation revealed on or about June 12, 1991, you were charged with and were found guilty of a Class D Felony, for Stealing-Attempt, in Clay County, Liberty, Missouri." On October 25, 2018, R.F. sought reconsideration from Sheriff based on the previously ordered expungement, which was denied by letter on October 29, 2018. Sheriff's letter stated, "Pursuant to 571.101, RSMo, we believe that because [R.F.] plead (sic) guilty, he is still disqualified to receive a Concealed Carry Certificate under 571.101 even with the expungement on his case."

R.F. timely filed an appeal of Sheriff's denial in small claims court,[3] which was denied. He then timely filed an application for trial *de novo* in the Circuit Court of Platte County.[4] Following a bench trial, the trial court issued its judgment ordering Sheriff to reconsider R.F.'s application:

---

[2] In his criminal case, R.F. received a suspended imposition of sentence. Our Supreme Court "has held that dispositions of criminal charges which result in a suspended imposition of sentence generally are not considered to be 'convictions' under state law for purposes of imposition of collateral consequences on an offender." *Fay v. Stephenson*, 552 S.W.3d 753, 757 (Mo. App. W.D. 2018) (citing *Yale v. City of Independence*, 846 S.W.2d 193, 196 (Mo. banc 1993)). That R.F. was not "convicted" does not change our analysis in this case.

[3] Section 571.114.1, RSMo provides a right to appeal by filing an action in small claims court.

Unless otherwise noted, statutory citations are to the Missouri Revised Statutes (2016), updated through the 2018 supplement.

[4] Section 571.114.5, RSMo allows an aggrieved party the right to a trial *de novo*.

Unless [Sheriff] can show "something more" than its sole reliance on the (now expunged) 1991 Clay County criminal case, then [Sheriff] should issue a concealed carry permit to [R.F.] In other words, more than one factor must exist for [Sheriff] to deny a concealed carry permit to [R.F.] The 1991 Clay County criminal case is a factor but it cannot be the sole factor.

Sheriff appeals from that judgment.

## Discussion

### *Standard of Review*

"'On review of a court-tried case, an appellate court will affirm the [trial] court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.'" *Stallsworth v. Sheriff of Jackson Cty.*, 491 S.W.3d 657, 658 (Mo. App. W.D. 2016) (quoting *Hill v. Boyer*, 480 S.W.3d 311, 313 (Mo. banc 2016)). "'The trial court's application of statutory requirements is a question of law rather than fact; therefore, we review the trial court's application of statutory requirements *de novo*.'" *Doe v. St. Louis Cty. Police Dep't*, 505 S.W.3d 450, 453 (Mo. App. E.D. 2016) (quoting *Doe v. Mo. State Highway Patrol Criminal Records Repository*, 474 S.W.3d 171, 174 (Mo. App. E.D. 2015)).

### *Analysis*

Sheriff raises two points on appeal,[5] however both points implicate a singular proposition: Is an applicant disqualified from receiving a concealed carry permit based solely on a felony guilty plea or conviction that has been expunged under section 610.140?[6]

---

[5] In Point I, Sheriff alleges that the trial court erred in finding that more than one factor was necessary to deny a concealed carry permit to R.F., arguing that "nothing in the language of Section 610.140 RSMo requires [Sheriff] to have additional reason to deny a permit application nor prohibit [Sheriff's] use or review of a guilty plea to an expunged felony." In Point II, Sheriff argues that the trial court erred in finding that Sheriff "should issue a permit to [R.F.] if [Sheriff] cannot find 'something more' to deny [R.F.'s] application[.]"

[6] References to section 610.140, RSMo are to the version of the statute in effect from January 1, 2018 until August 27, 2018.

We begin our analysis by examining the pertinent statutory provisions relating to the concealed carry permit process. "An application for a concealed carry permit shall be made to the sheriff of the county or any city not within a county in which the applicant resides." § 571.101.4, RSMo. The application must "state whether the applicant complies with each of the requirements specified in" section 571.101.2. *Id.* A review of section 571.101.2 reveals twelve eligibility requirements that must be satisfied by an applicant. Relevant to this appeal, a concealed carry permit may only be issued to an applicant who "[h]as not pled guilty to or entered a plea of nolo contendere or been convicted of a crime punishable by imprisonment for a term exceeding one year under the laws of any state or of the United States other than a crime classified as a misdemeanor[.]" § 571.101.2(3). "If the applicant is found to be ineligible, the sheriff is required to deny the application, and notify the applicant in writing, stating the grounds for denial[.]" § 571.101.6.

Section 571.101.2(3) plainly operates to disqualify an applicant with a previous guilty plea or conviction for a felony offense[7] from being issued a concealed carry permit, and it is undisputed that R.F. pleaded guilty to a felony offense in 1991. However, this does not end the analysis as the felony offense at issue in this appeal was expunged and the provisions of chapter 571 do not address the effect of an expungement on the later use of such offense in the concealed carry permit process. Thus, we turn to the expungement statute itself (section 610.140) for guidance.

Section 610.140.9 provides specific direction on the use of an expunged offense in the concealed carry permit context.[8] That provision states that "[n]otwithstanding any provision of law

---

[7] In Missouri, every class of felony offense is punishable by a term of imprisonment that exceeds one year. *See* § 558.011.

[8] A separate provision, section 610.140.8, provides that an order expunging a prior offense "shall not limit any of the petitioner's rights that were restricted as a collateral consequence of such person's criminal record, and such rights shall be restored upon issuance of the expungement." Relying on *Hill v. Boyer,* Sheriff argues that this restoration of rights does not alter the mandate imposed on him by section 571.101.2(3) to deny a concealed carry permit to an

to the contrary, an expunged offense, violation, or infraction shall not be grounds for automatic disqualification of an applicant, but may be a factor for denying . . . a . . . permit [under chapter 571].”[9] The import of this language is unambiguous in its clarity—the disqualification of a concealed carry permit applicant with a prior guilty plea or conviction embodied in section 571.101.2(3) must yield to section 610.140.9, which clearly prevents treating an expunged guilty

---

applicant who previously pleaded guilty to a felony offense. In *Hill*, like in this case, an applicant was denied a concealed carry permit based on a prior guilty plea to a felony offense. 480 S.W.3d at 313. Hill argued that a statute in effect at the time of his guilty plea provided that individuals discharged from probation were “restored all the rights and privileges of citizenship” and that this effectively negated the conviction and made him eligible for a concealed carry permit. *Id*. at 314. The Missouri Supreme Court disagreed, finding that even if the “statutory restoration of rights ‘obliterated’ the fact of his prior conviction, the fact that he pleaded guilty is not negated[.]” *Id*. at 315. A similar conclusion was reached in *Stallsworth v. Sheriff of Jackson County* when this Court examined the effect of a gubernatorial pardon on an applicant’s eligibility for a concealed carry permit. 491 S.W.3d at 660 (“While Stallsworth received a gubernatorial pardon in 2004, the effect of the pardon was to obliterate the fact of his conviction. Stallsworth’s guilt—evidenced by his guilty plea—remained. As a result, because the guilty plea is a separate disqualifier that is not obliterated by the pardon, section 571.101.2(3) bars Stallsworth from receiving a concealed carry permit.”).

*Hill* and *Stallsworth* are distinguishable as the present appeal involves neither a gubernatorial pardon nor the statute addressed in *Hill*. We additionally note that an expungement afforded under section 610.140.8 grants a greater breadth of relief than the statute at issue in *Hill* that merely “restore[d] all the rights and privileges of citizenship.” By contrast, an expungement under section 610.140.8 “restore[s] such person to the status he or she occupied prior to such arrests, pleas, trials, or convictions *as if such events had never taken place*.” § 610.140.8 (emphasis added). Thus, unlike the statute in *Hill*, an expungement under section 610.140 eliminates <u>all</u> aspects of the prior criminal case, including any guilty plea entered by the individual.

[9] Sheriff argued in his brief that section 610.140.12, which states “[n]othing in this section shall be construed to limit or impair in any way the subsequent use of any record expunged under this section of any arrests or findings of guilt by a law enforcement agency, criminal justice agency, prosecuting attorney, circuit attorney or municipal prosecuting attorney, including its use as a prior offense, violation or infraction[,]” supersedes the limitations set forth in section 610.140.9 and allows Sheriff unfettered use of R.F.’s expunged offense in denying his concealed carry permit application. Sheriff abandoned this position at oral argument in light of our recent decision in *T.V.N.* in which this Court noted that “[t]he emphasized language in section 610.140.12 must be read in the context of the subsection within which it appears.” 2019 WL 5874670, at *5 (citing *BASF Corp. v. Dir. of Revenue*, 392 S.W.3d 438, 444 (Mo. banc 2012) (*per curiam*)). In *T.V.N.*, this Court further found:

> Subsection 610.140.12 prevents a person from perpetually “refreshing” by limiting the total number of expungements that can be secured. In this same vein, the subsection’s permitted use of expunged records by law enforcement or criminal justice agencies to establish a prior offense, violation or infraction appears intended to prevent a person from avoiding consequences (such as the enhancement of charges or sentences, for example) should the person commit subsequent offenses. The use of an expunged conviction by law enforcement or criminal justice agencies for this purpose is distinguished, however, from a petitioner’s right to be relieved of the collateral consequences of an earlier conviction by having previously limited rights restored.

*Id*. (internal citation omitted).

plea or conviction as grounds for automatic disqualification.[10] As a result, we find that a felony offense that has been expunged under section 610.140 does not serve as an automatic disqualification of an applicant for a concealed carry permit under section 571.101.2(3).

The record before us makes clear that Sheriff denied R.F.'s application based on a view that, "even with the expungement on his case[,]" the fact that R.F. pleaded guilty to a felony offense in 1991 "disqualified" him from "receiv[ing] a Concealed Carry Certificate under [section] 571.101[.]" By treating the expunged 1991 guilty plea as a disqualifying event, Sheriff erroneously applied the law. However, our conclusion that an expunged felony guilty plea or conviction cannot serve to automatically disqualify an applicant for a concealed carry permit does not render the expunged 1991 felony offense irrelevant to Sheriff's consideration of R.F.'s application. Section 610.140.9 specifically allows Sheriff to use an expunged offense as "a factor for denying" a concealed carry permit. For example, the conduct underlying an expunged offense might establish that an applicant has "engaged in a pattern of behavior, documented in public or closed records, that causes the sheriff to have a reasonable belief that the applicant presents a danger to himself or others[.]" § 571.101.2(7).[11] In other words, an expunged guilty plea or conviction will not, on its own, disqualify an applicant for a concealed carry permit, but that offense, and the facts and circumstances underlying that offense, could be relevant in determining an applicant's suitability to be issued a permit.

---

[10] Sheriff's argument that the automatic eligibility bar contained in section 571.101.2(3) for applicants with a previous guilty plea or conviction for a felony offense applies to expunged offenses would render the relevant language in section 610.140.9 meaningless. "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Parktown Imps., Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009) (citation omitted).

[11] We further recognize that R.F. did not disclose the 1991 offense on his permit application, which is specifically required under section 610.140.9. We express no opinion on the impact of this non-disclosure and note that there was testimony before the trial court that R.F.'s non-disclosure was not the basis for the denial of his permit application.

Based on the foregoing, and as ordered by the trial court, Sheriff must "conduct another review of [R.F.'s] application . . . and make a determination, consistent with the findings set forth above, as to [R.F.'s] eligibility or suitability for a concealed carry permit[.]"

Points I and II denied.

## Conclusion

The judgment of the trial court is affirmed.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.